UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CLEOFAS CONTRERAS VASQUEZ             :
                                      :
            Petitioner,               :
                                      :    09 CIV 3845 (HB)
      -against-                       :
                                      :    **OPINION &**
UNITED STATES OF AMERICA              :    **ORDER**
                                      :
            Respondent.               :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge[*]:**

      Cleofas Contreras Vasquez ("Petitioner" or "Vasquez") was convicted of conspiracy to distribute, and possession with intent to distribute, more than five kilograms of cocaine in violation of 21 U.S.C. § 846. Vasquez, appearing *pro se*, petitions for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. Vasquez claims that he was denied effective assistance of counsel in violation of the Sixth Amendment, because his counsel failed to make certain evidentiary objections and failed to properly explain the consequences of pleading not guilty to the charged offense. Vasquez claims that a seven-month delay in filing his habeas petition is due to extraordinary circumstances and merits equitable tolling. For the reasons below, the petition is DENIED.

                               **I.    BACKGROUND**

      On March 29, 2005, Vasquez was charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. Evidence at the trial established that Vasquez was a member of an international cocaine organization responsible for moving hundreds of kilograms of cocaine from Mexico to the United States for distribution between 2002 and 2004. Vasquez transported cocaine from California to the East Coast, and drove proceeds from these cocaine sales back to California. Agents arrested Vasquez in Fela, California, in late July 2004. At trial, the government introduced transcripts of wiretapped conversations between Vasquez and certain co-conspirators —two of which are included in this habeas petition. After a three-week trial, on May 2, 2005, the jury returned a

---

[*] Bethany N. Tolentino, a second year law student at New York University School of Law and a 2009-2010 intern, and Alexie Rothman, a second year law student at Fordham Law School and a summer 2010 intern in my Chambers, provided substantial assistance in researching and drafting this Opinion.

1

verdict that found Vasquez and his co-conspirators guilty of the charged offense. On September 6, 2005, this Court sentenced Vasquez to 168 months in prison. Vasquez timely appealed, and the Second Circuit affirmed the conviction on May 11, 2007. While the appeal was pending, Vazquez became concerned about appellate counsel's focus on his appellate challenge. Between February and October of 2007, Petitioner contacted counsel to inquire about her activity on his behalf, and contacted the Clerk for the Second Circuit about the status of the appeal. On March 18, 2008, this Court sent a letter to Petitioner with an enclosed copy of the Second Circuit's decision to affirm the District Court's judgment.[1] Vasquez did not file a petition for a writ of certiorari to the United States Supreme Court within the ninety-day period provided, which expired on August 11, 2007.

      On March 16, 2009, seven months after the one-year statute of limitations period for habeas claims expired, Vasquez filed this petition. Petitioner contends that his trial counsel was ineffective because he failed to object to the admissibility of certain evidence, and did not adequately counsel Vasquez on the benefits of pleading guilty. Petitioner relies on Government Exhibit 74, a recorded phone call conversation between Vasquez and an individual referred to as "Don Jose." In the call, "Don Jose" makes a business proposition to Vasquez concerning "alfalfa" and asks if a friend can park a trailer containing "wood" in Vasquez's lot. Trial Transcript ("Tr.") at 411-21 (April 13-29, 2005). The government introduced this taped conversation through Agent Martinez, a DEA agent assigned to Vasquez's case. Petitioner contends that the government inappropriately had Agent Martinez establish that members of the conspiracy used "alfalfa" as a "code word" for marijuana. Petitioner asserts that the testimony should have been excluded because, (1) Martinez had no expert knowledge to establish that Petitioner was referring to marijuana; and (2) the conversation had a readily understandable meaning without Agent Martinez's interpretation. Vasquez also argues that Government Exhibit 75, a transcript of a wiretap recording referred to as "Call 121," was improperly admitted. In "Call 121," Vasquez and a co-conspirator discuss a police stop that occurred on February 4, 2004, when the police seized $985,000 from a secret compartment in a car being transported by Petitioner. Part of the call was erased due to a technical malfunction, but a transcript was made prior to erasure. That transcript was introduced into evidence through DEA Translator Octavio Avila, who testified about the missing audio portion of the call. Petitioner argues that counsel should have, but failed, to challenge the introduction of the transcript given the erasure of the

---

[1] That letter, sent to Petitioner at his correct address, is attached to this decision and denominated Exhibit A.

original recording.  Petitioner also claims that counsel should have objected to this testimony as a violation of his Confrontation Clause rights under the Sixth Amendment. The government argues that (1) the petition was untimely; and (2) Petitioner's claims are without merit.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255, relief is provided where it is alleged that the prisoner is in custody in violation of the Constitution or laws or treaties of the United States.  *See Davis v. United States*, 417 U.S. 333, 344 (1974).  To prevail on a § 2255 claim, petitioner must show either that (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255(b); *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *see also Rosario v. United States*, 625 F. Supp. 2d 123, 126 (S.D.N.Y. 2008).  The statute further provides that if any of the grounds enumerated above are present, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III.   DISCUSSION

### A.   Statute of Limitations and Equitable Tolling

The Government first argues that Vasquez' petition should be dismissed as untimely. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petition under 28 U.S.C. § 2255 must be brought within one year of the final judgment of conviction.[2]  The Second Circuit has determined that for § 2255 petitions, judgments become final when the Supreme Court affirms a conviction on direct review, denies a petition for a writ

---

[2] AEDPA requires that § 2255 petitions be filed within one year from the latest of the following dates:
  (1) the date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4) (2010).

of certiorari, or the time for filing the petition for certiorari expires. *Burrell v.United States*, 467 F.3d 160, 164 (2d Cir. 2006) (citing *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005)). Vasquez's opportunity to file a petition for certiorari expired on August 11, 2007, and he therefore had until August 11, 2008 to file the petition. Vasquez, however, did not file his petition until March 16, 2009. Petitioner argues that his habeas claim is not untimely because his counsel failed to apprise him until March 18, 2008 of the fact that his direct appeal was decided in May 2007, and he filed less than a year after this notice.

     As the Supreme Court recently opined with respect to a federal habeas petition filed by a state prisoner, the AEDPA statutory period may be equitably tolled. *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). To obtain equitable tolling, a petitioner must demonstrate that (1) "extraordinary circumstances" prevented him from filing a timely petition, and; (2) he acted with reasonable diligence during the time in which he seeks to toll. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). "The AEDPA limitations period will only be tolled in rare and exceptional circumstances … and where the petitioner demonstrates a causal relationship between the extraordinary circumstances and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding." *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (internal quotations and citations omitted). Courts should "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563. A lack of responsiveness by counsel to Petitioner's communications can, in certain circumstances, be considered an extraordinary circumstance. *See, e.g., Morton v. Ercole*, No. 08 Civ. 0252(RJS)(FM), 2010 WL 890036, at *4 (S.D.N.Y. Mar. 10, 2010) (extraordinary circumstances may exist if there is a "sufficient claim of attorney abandonment where a diligent client persistently questioned the lawyer as to whether he had filed the complaint in time") (internal quotations and citation omitted); *see also Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003) (counsel's actions "were far enough outside the range of behavior that reasonably could be expected by a client that they may be considered 'extraordinary.').

     Here, although counsel apparently failed to communicate with Vasquez about the status of his direct appeal, it is not a sufficiently "extraordinary circumstance" to toll the statutory period, because it did not prevent Vasquez from filing a timely petition. *See Smith*, 208 F.3d at 17. Vasquez exercised reasonable diligence by writing to his counsel and the Clerk of the Court

for the Second Circuit to inquire about the status of his appeal. *See Paredes-Silva v. United States*, 632 F. Supp. 2d 349, 353 (S.D.N.Y. 2009) (petitioner acted with "a certain level of diligence" by writing two letters to the Second Circuit and filing two motions in a case where counsel did not inform petitioner of the result of his appeal); *see also Holland*, 130 S.Ct. at 2565 (defendant who wrote his attorney "numerous letters seeking crucial information" may have exhibited reasonable diligence). But the more important fact is that Vasquez was made aware by this Court on March 18, 2008 —a little less than five months prior to the statutory deadline to file the petition— that his direct appeal had been denied by the Second Circuit. Petitioner could, and should, have used those five months to move forward, and he provides no reason why he failed to do so. *See Urena v. United States*, 03 Civ. 6722 (JFK), 2005 WL 1653888, at *3 (S.D.N.Y July 13, 2005) (noting that a petitioner who received notice five months prior to the deadline had "sufficient time to prepare and file his petition"); *see also Mandarino v. United States*, No. 98 Civ. 590(LBS), 1998 WL 729703, *2 (S.D.N.Y. Oct. 16, 1998) (denying equitable tolling when petitioner still had time in which to file his petition after receiving delayed notification of his final conviction). Since Petitioner was on notice in March of 2008 that this Court's judgment was affirmed on direct appeal, there is no "causal relationship" between his counsel's lack of communication and the "lateness of his filing." *See Bolarinwa*, 593 F.3d at 231. As such, Vazquez' correspondence cannot toll the statutory period for the five months in which he knew or should have known that he could file a timely habeas petition. *See Hizbullahankhamon v. United States*, 255 F.3d 65, 76 (2d Cir. 2001) (petitioner placed in solitary confinement for only a portion of statutory period is unable to show that confinement "prevented him from filing a timely habeas petition"). While counsel's unresponsiveness is unfortunate and in my view reprehensible, said conduct fails to warrant equitable tolling because Vasquez was independently aware of the appeal decision by virtue of notice from the District Court.

### B. Ineffective Assistance of Counsel

Even if this Court were to equitably toll the statutory period, Petitioner's claims would fail on their merits. To establish a claim for ineffective assistance of counsel, petitioner must show that "(1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but-for counsel's errors, the result of the proceeding would have been different." *Contino v. United States*, 535 F.3d 124, 128 (2d Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). When considering the "reasonableness"

part of the test, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (quoting Strickland, 466 U.S. at 689). A court may bypass the reasonableness prong initially, or entirely, if it determines that the petitioner has failed to meet the second, "prejudice" prong of the ineffective assistance test. *See Strickland*, 466 U.S. at 697; *see also Morales v. United States*, 199 F.3d 1322 (2d Cir. 1991).

     1. *Failure to Object to Testimony on the Meaning of Drug "Code Words"*

Petitioner first argues that his counsel was ineffective for failing to object to the admissibility of Agent Martinez's testimony with regard to Government Exhibit 74, a taped conversation between Vasquez and a third-party. Vasquez claims that, had counsel objected, the testimony would have been excluded because Martinez had no expert knowledge to establish that "alfalfa" was a code word for marijuana, and because the conversation had a readily understandable meaning without Agent Martinez's interpretation. The Second Circuit has determined that, generally speaking, government agents may explain the use and meaning of "codes and jargon developed by drug dealers to camouflage their activities." *United States v. Cruz*, 363 F.3d 187, 193 (2d Cir. 2003) (quoting *United States v. Boissoneault*, 926 F.2d 230, 232 (2d Cir. 1991)). Agents may interpret "code language" in conversations that are readily understandable, and offer testimony that certain "code words" refer to specific drugs. *See United States v. Dukagjini*, 326 F.3d 45, 50-53 (2d Cir. 2003) (upholding an interpretation of code words even though the conversation could be understood as relating to the sale of t-shirts). However, agents may not interpret code words beyond the "ambit of drug jargon," and the Second Circuit has expressed particular concern when agents "draw conclusions as to the significance of … conduct or evidence in [a] particular case." *Cruz*, 363 F.3d at 193, 197 (quoting *Boissoneault*, 926 F.2d at 233).

Here, Vasquez fails to demonstrate that his counsel's conduct was unreasonable or that he was prejudiced by the failure to object. Putting aside whether the agent could interpret the particular code words in this case, the primary problem for Petitioner is that contrary to his claims, the FBI Agent witness that introduced the telephone recording did not actually testify to the meaning of the various code words at all. This issue arose before trial, and the Assistant United States Attorney confirmed that "there will be no testimony from the expert about what the particular codes used in the conversations mean" and that, other than reading the transcript into the record, Agent Martinez would only testify on how "drug dealers use coded conversations."

Tr. at 9-10.  And in fact, Agent Martinez did not draw any conclusions regarding the meaning of "alfalfa" or "wood" when he read the transcript into the record.  *See* Tr. at 411-19.  Indeed, it was a co-conspirator named Jesus Dominguez, not Agent Martinez, who testified that the word "alfafa" meant "marijuana."  Tr. at 815.  No one testified to the meaning of the word "wood," but the government cross-examined Petitioner and got him to concede that it meant something other than lumber.  *See* Tr. at 1375-86.  Petitioner has not demonstrated that counsel's performance fell below an objective standard of reasonableness because, in light of the fact that the issue of coded language was previously raised and considered by this Court, counsel's failure to object may be regarded as a reasonable trial strategy.  *See Robinson v. United States*, 2010 WL 1789931, at *2 n.20 (S.D.N.Y.  May 4, 2010) ("decisions … of trial strategy … if reasonably made, will not constitute a basis for an ineffective assistance claim.") (quoting *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987)).  And since the government's expert witness did not testify to the meaning of these code words, Vasquez was not prejudiced because any objection on these grounds would have been denied.

       2.  *Failure to Object to Introduction of Phone Conversation Recording Transcript*

Vasquez also argues that his counsel should have objected to the admissibility of Government Exhibit 75, the transcript of a recorded conversation between Petitioner and a co-conspirator.  The government introduced the transcript through a DEA translator, Octavio Avila.  Since one portion of the recorded conversation was accidentally deleted before trial, the government produced only the transcript of the recording, and had Avila explain how the transcription was produced.  Petitioner claims that counsel should have objected based on the missing primary evidence, as well based on a Confrontation Clause challenge.

First, this argument must fail because counsel did in fact raise an objection about this evidence.  Counsel filed a Motion to Preclude a Tampered Tape on April 15, 2005.  *See United States v. Vasquez*, No. 04 Cr. 603 (Docket No. 64).  This Court considered the objections to the evidence, and ultimately decided to admit the transcript under the theory of past recollection recorded and the best evidence rule.  Tr. at 692-700.  Therefore, Petitioner fails to demonstrate ineffective assistance because counsel did in fact bring the motion that Petitioner claims he failed to bring.  *See Rosario-Dominguez v. United States*, No. 03 Civ. 4675(JSR)(GWG), 2008 WL 406728, at *1 (S.D.N.Y. Sept. 2, 2008) (petitioner could not "establish ineffective assistance of counsel" for failing to bring a motion when the "record demonstrates that at the sentencing hearing [defense counsel] did argue" the same motion).  At the same time, Petitioner cannot

7

demonstrate prejudice from counsel's failure to object to the testimony because this Court in fact rejected the precise objection he claims should have been made.

Turning to the Confrontation Clause argument, the Second Circuit applies the *Crawford* test to bar the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Riggi v. United States*, 541 F.3d 94, 102 (2d Cir. 2008) (quoting *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004)). While the Supreme Court declined to "spell out a comprehensive definition of 'testimonial,'" the Court provided examples of testimonial statements, including "prior testimony at a preliminary hearing, previous trial, or grand jury proceeding." *Crawford*, 541 U.S. at 1374. In other words, testimonial statements are those that a defendant "would reasonably expect … might be used in future judicial proceedings." *United States v. Saget*, 377 F.3d 223, 228 (2d Cir. 2004) (citing *Crawford*, 541 U.S. at 1365 n.4). Where the evidence in question is non-testimonial, the Confrontation Clause does not apply. *See United States v. Feliz*, 467 F.3d 227, 231 (2d Cir. 2006) ("the Confrontation Clause simply has no application to nontestimonial statements") (citing *Davis v. Washington,* 547 U.S. 813, 824 (2006)).

Here, Petitioner cannot demonstrate prejudice because the evidence is nontestimonial and did not infringe his rights under the Sixth Amendment. The statements in question were conversations between Petitioner and a co-conspirator named "Tocayo." *Crawford* does not bar their admissibility because these statements are non-testimonial in nature, as they were made in furtherance of a conspiracy. *See United States v. Logan*, 419 F.3d 172, 178 (2d Cir. 2005) ("[i]n general, statements of conspirators in furtherance of a conspiracy are non-testimonial"); *Ramos v. United States*, No. 09 Civ. 3500(DLC), 2010 WL 1875721, at *7 (S.D.N.Y. May 10, 2010) (tape recorded conversation between co-conspirators properly admitted and does not violate Confrontation Clause). Petitioner cannot point to anything in the record that would otherwise indicate that Vasquez or Tocayo expected that their conversation would be used in a future judicial proceeding. *Compare Logan*, 419 F.3d at 179 (co-conspirator statements made during the course of a police interrogation were testimonial because the parties could "reasonably have expected that their statements might be used in future judicial proceedings"). The admission of this evidence did not violate Petitioner's Confrontation Clause rights, and Vasquez was thus not prejudiced by counsel's failure to object on these grounds.

    *3. Failure to Properly Advise Petitioner About Guilty Plea Options*

8

Finally, Petitioner claims that counsel was ineffective by failing to inform Vasquez of the benefits of pleading guilty instead of going to trial. Petitioner bases this assumption on the fact that pleading guilty would have lowered his offense level from a 34 to a 31, and he therefore could have received a sentence of 108 to 135 months based on the Sentencing Guidelines. Petitioner claims that he was prejudiced because he would have taken the plea but-for his counsel's advice. To satisfy the prejudice prong of the Strickland test in the context of plea negotiations, Petitioner must show that, but-for counsel's errors, he would have pled differently. *See United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005). The Second Circuit has determined that a petitioner's "self-serving post-conviction statement" that he would have plead differently had he been properly counseled is not usually enough to meet this test. *See United Statess v. Gordon*, 156 F.3d 376, 381-81 (2d Cir. 1998). There must be some other "objective evidence," that he likely would have pled differently. *Id.* This can be determined, for example, by a great disparity between the actual sentence exposure and the maximum sentence exposure the petitioner would have had if he had been properly advised. *See id.*; *see also Puglisi v. United States*, 586 F.3d 209, 216 (2d Cir. 2009) (determining that petitioner's statement would be sufficiently credible with supporting objective evidence or a significant sentencing disparity).

At the outset, Petitioner's claim that he was prejudiced and would have pled guilty if provided more information is less than credible, because Petitioner continues to assert that he is innocent. *See, e.g.,* Traverse to Gov't Opp. to Pet.'s Mot., at 8 ("There is no question that a preponderance of evidence established that a conspiracy did not exist; that petitioner was not a participant in that conspiracy …"). While not dispositive, the fact that Vasquez maintains his claim of innocence suggests, absent some other evidence, that he would not have pled guilty if counsel provided the requested information. *See Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999). The only evidence that Petitioner provides in support of his claim is the disparity between the sentence he would have received had he plead guilty and the sentencing range he faced after being convicted at trial. "[W]here the disparity in potential sentences is great, a finder of fact may infer that defendants who profess their innocence still will consider a plea." *Pham v. United States*, 317 F.3d 178, 18 (2d Cir. 2003) (quoting *Cullen*, 194 F.3d at 405, 407).

In the instant case, Petitioner fails to demonstrate prejudice because the sentencing disparity is not sufficient to provide objective evidence that would corroborate his claim that he would have pled guilty if better informed by counsel. The 33-month disparity in Petitioner's case is not comparable to the 113-month disparity in *Pham*, 317 F.3d at 183, nor is it comparable

9

to other cases where the disparity was sufficient to infer that the petitioner would have pled differently. *See, e.g., Mask v. McGinnis*, 233 F.3d 132, 141-42 (2d Cir. 2000) (evidence of prejudice where there is disparity between erroneously calculated plea offer of ten years to life and the actual sentence of twenty to forty years defendant received upon conviction after trial); *Gordon*, 156 F.3d at 381 (prejudice where counsel erroneously informed defendant that he faced a maximum sentence after trial of 120 months, and the actual sentencing range was 210 to 262 months); *Carrion v. Smith*, 644 F. Supp. 2d 452, 471 (S.D.N.Y. 2009) (the "disparity between the plea offer [of] ten years to life and the sentence imposed-125 years to life-is *extremely* large") (emphasis in original). While two years is a long time, it is not enough on its own to indicate that Petitioner would have pled differently, particularly since Petitioner still claims that he is innocent.

### IV. CONCLUSION

For the foregoing reasons, Vasquez's petition to vacate his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

The Clerk of the Court is directed to close this matter and remove it from my docket.

**SO ORDERED.**

August 19, 2010
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.

10